**NORTHWEST MALL, INC. and N.W. Management Corp., Appellants,**

**v.**

**LUBRI–LON INTERNATIONAL, INC., Appellee.**

**LUBRI–LON INTERNATIONAL, INC., Appellant,**

**v.**

**Madge SPENCER, Appellee.**

**No. B14–83–857–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 18, 1984.

Bradley M. Bingham, John O'Quinn, Houston, for appellants.

W.D. Carter, Jr., Charles W. Hurd, Houston, for appellees.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

In this consolidated appeal, appellant Lubri-lon International (Lubri-lon) complains of a jury award to Madge Spencer in her personal injury lawsuit. Appellants Northwest Mall and N.W. Management Corporation (Northwest Mall or the Mall) raise the issue of the validity of an indemnity agreement between it and Lubri-lon for Mrs. Spencer's injuries. Mrs. Spencer brought this action after she slipped and fell in a puddle of oil additive sold in Lubri-lon's kiosk in Northwest Mall. In thirty-five points of error, Lubri-lon now contends that the evidence presented did not adequately support the jury's findings of negligence, causation, and damages, and that these findings were erroneous as a matter of law. In a single cross-point, Mrs. Spencer argues that she should have been awarded prejudgment interest. Finally, Northwest Mall complains that the trial court erred in holding that the lease contract

between the Mall and Lubri-lon did not provide for indemnity against Lubri-lon. After a careful review of the facts and applicable law, we affirm the judgement of the trial court in its entirety.

Because the sufficiency of the evidence is challenged, we will briefly review the relevant facts. Lubri-lon operated a sales booth in the center of a corrider in Northwest Mall, out of which they sold an engine oil additive. The booth was run by Buddy Parent. As part of his sales pitch, Mr. Parent would use a machine to demonstrate the effects of the additive. After each demonstration, a small amount of used oil and oil additive remained. Mr. Parent would dispose of this oil in a thermos jug which he kept in the booth. On Saturday night, January 5, 1980, Mr. Parent closed up the booth. On this particular night he was "bone tired", so, instead of immediately disposing of the left-over oil or placing the thermos jug into a locked bin inside the booth, he put the jug on a shelf underneath the booth's countertop. On Sunday night, the Mall security guard, while making his rounds, observed a kid jumping out of the Lubri-lon booth. The kid ran away, and the guard was unable to catch him. Some time later, the guard noticed that some oil was leaking out from inside the booth. The guard left a note for the next guard on duty telling him of this problem, but did not himself clean the oil up.

Monday morning, at around 7:15 a.m., the morning maintenance man noticed the puddle of oil and mopped it up. However, between 8:30 and 9:00 that same morning, the mall manager, while making his daily rounds, found a patch of oil in the same place. He radioed for the maintenance man on his walkie-talkie, but got no response. He then left to look for the maintenance man. As he was walking away from the booth, he passed Mrs. Spencer, who worked at a store in the mall, but did not say anything to warn her of the spill. Mrs. Spencer slipped in the oil and broke her hip. Based on this incident, she sued the Mall and Lubri-lon.

## STANDARDS OF REVIEW

■ To facilitate comprehension of this case, we first will set out the various standards of review raised by Lubri-lon. In deciding legal insufficiency or "no evidence" points of error, we are to consider only that evidence and the reasonable inferences therefrom, which, viewed in the light most favorable to the verdict, support the jury's findings. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex. 1981). After conducting such a review, if we find any evidence supporting the jury's findings, the verdict will be upheld. *See Lucas v. Everman Corporation*, 27 Tex.Sup.Ct.J. 491, 494 (July 14, 1984). Lubri-lon also attempts to raise several points attacking the factual insufficiency of the evidence supporting the jury's findings. However, they word each point of error "the trial court erred in entering judgment." The supreme court has held that points stated in such a manner are adequate only as "no evidence" points. *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.*, 462 S.W.2d 276 (Tex.1970). *See also Chrysler Corporation v. Schuenemann*, 618 S.W.2d 799, 806 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). *But see Bluebonnet Express Inc. v. Employers Insurance of Wausau*, 651 S.W.2d 345 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) (Robertson, J., dissenting). In this case, however, as will be more fully developed below, even Lubri-lon's factual insufficiency arguments fail, and consequently, we will also consider those points. In making those decisions we have considered all the evidence and determined that there is evidence of probative value to support the jury's findings. *See American Oil Company v. Fisher*, 659 S.W.2d 80, 82 (Tex. App.—Houston [14th Dist.] 1983, no writ). Challenges to a court's refusal to grant a motion for judgment notwithstanding the verdict are to be reviewed similarly to legal insufficiency claims. The reviewing court is to consider only the evidence favorable to the jury's verdict, and can reverse the trial court's refusal to grant the motion

only if there is no evidence to support the jury's findings. *See Williams v. Bennett,* 610 S.W.2d 144, 145 (Tex.1980). Finally, a trial court's refusal to disregard the jury's answers to special issues is reversible error only if there is no evidence to support them or if the issue is immaterial. *See Hughes v. Aycock,* 598 S.W.2d 370, 374 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). With these rules in mind, we now proceed to Lubri-lon's contentions.

## NEGLIGENCE

In each of the above described manners, Lubri-lon challenges the legal and factual sufficiency of the evidence supporting the jury's affirmative findings of negligence and duty. Lubri-lon also suggests that they established that there was no duty and no negligence as a matter of law. The elements of negligence are the existence of a duty on the part of one party to another, a breach of that duty, and damages proximately caused by the breach of that duty. *Lucas v. Everman Corporation,* 27 Tex.Sup.Ct.J. 491, 493–94 (July 14, 1984). This "duty" is a duty to act as a reasonable prudent person under the same or similar circumstances, considering the reasonably foreseeable risk or probability of injury to persons situated as the plaintiff. *Bennett v. Span Industries, Inc.,* 628 S.W.2d 470 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.).

The evidence indicates that Mr. Parent violated this duty under a number of theories. First, Mr. Parent testified that sixty percent of the time, he did, in fact, lock the thermos jug in the bin. This particular night, however, he was very tired and left the jug out to save time. From this fact alone, the jury could have found negligence. Secondly, the Lubri-lon booth had been vandalized in the past. The booth itself facilitated such acts. It was simply an enclosed rectangular unit which was bolted to the mall floor. The inside was open, except for the storage bin. There were countertops along the two longer sides, with an open area underneath. Although one could store items under the counters, such items were accessible simply by jumping over the countertops into the booth. Considering that the items Mr. Parent left under the booth, the Lubri-lon and oil, were very slippery in nature, and that the booth area was open and had been broken into in the past, we have no difficulty in holding that there was evidence, both as a matter of fact and as a matter of law, to support the negligence issues.

Lubri-lon attempts to argue that they owed no duty to Mrs. Spencer as she was merely a passerby and was not injured inside the booth. This argument fails on both accounts. In similar instances, courts have established that occupiers of premises on adjacent public throughways have a duty of care to passerbys. *See Alamo National Bank v. Kravs,* 616 S.W.2d 908, 910 (Tex.1981); *Beaumont Iron Works Co. v. Martin,* 190 S.W.2d 491, 495 (Tex.Civ. App.—Beaumont 1945, writ ref'd w.o.m.); *Skelly Oil Co. v. Johnston,* 151 S.W.2d 863 (Tex.Civ.App.—Amarillo 1941, writ ref'd). Furthermore, their contention that Mrs. Spencer did not stand in a proper legal relationship to Lubri-lon is without merit. The existence or non-existence of a "legal relationship" is of little or no consequence if the circumstances of the incident are such that a person of common sense would recognize that if he did not exercise reasonable care, his acts would place another person in danger. *Bennett v. Span Industries, Inc.* at 474. Surely the reasonable person would recognize that a jug of oil left in an accessible location could spill and cause danger to anyone stepping in it. In sum, Lubri-lon's negligence points, in each of their various forms, are overruled.

In its next set of arguments, Lubri-lon challenges the sufficiency of the evidence supporting the jury's findings of causation. They first suggest that the evidence adduced at trial regarding the causation special issues was factually and legally insufficient, that the court erred in refusing their motion to disregard those issues, and that they were not a cause of the incident as a matter of law. They further argue that the jury's affirmative findings that the oc-

currence did arise out of the occupancy of the booth and that the occurrence in question was a result in whole or in part of any act or omission on the part of Lubri-lon were not established factually or as a matter of law. Again considering the standards announced above, we now review these contentions.

 Proximate cause consists of two elements: (1) cause in fact; and (2) foreseeability. *Farley v. M.M. Cattle Company*, 529 S.W.2d 751, 755 (Tex.1975). Cause in fact is satisfied by showing that the act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex.1980). The test for foreseeability is whether the actor, as a person of ordinary intelligence, should have anticipated the danger to others created by his negligent act. *McClure* at 903. Where the failure to use ordinary care actively aids in producing an injury, it need not be the sole cause. Rather, it can be a concurring cause and one that might reasonably have been contemplated as contributing to the result under the attending circumstances. *McClure* at 903.

 The cause in fact element is readily satisfied from our circumstances. Lubri-lon, through Buddy Parent, was responsible for the oil and the booth from which it escaped. The oil was on the floor because Mr. Parent did not lock it up. Mrs. Spencer slipped and fell in this oil. Mr. Parent's failure to lock the oil up was both a substantial factor in her fall, and one without which her fall would not have occurred. Similarly, the foreseeability element finds support in the evidence. Mr. Parent knew the area under the counter was open. He also knew that there was a possibility that anyone could get into the booth, and, in fact, designed a locked bin to prevent any misappropriations. Furthermore, he knew that the mall was open nights and weekends, and that people were able to roam in the mall. Kids had even vandalized his booth in the past. The evidence of these facts was certainly sufficient, legally and factually, to support the jury's affirmative findings. Likewise, we cannot make a contrary finding as a matter of law.

We also note that under these facts the jury's findings on the issues inquiring whether the occurrence arose out of the occupancy of the booth and whether it was a result of an act or omission of Lubri-lon were proper. While technically these issues were submitted in response to Northwest Mall's attempts to acquire indemnity against Lubri-lon, which is discussed more fully below, these issues are simply variations on causation. As such, there was more than adequate evidence to support them both factually and as a matter of law.

 In both its causation and its new and independent cause points of error, Lubri-lon contends that the intervening acts of either the vandal or the mall personnel completely absolves them of liability for Mrs. Spencer's injuries. Specifically, they point to a number of "stolen car" cases. These cases have relieved the owner of liability, despite the owner's failure to remove the keys, when the car is stolen, and in the course of theft, another person is injured. *See, e.g., Parker and Parker Construction Co. v. Morris*, 346 S.W.2d 922 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.). While we acknowledge that these cases exist, we believe the better rule is that an intervening action of a third party will not excuse the first wrongdoer if such act should have been foreseen. *Clark v. Waggoner*, 452 S.W.2d 437, 440 (Tex.1970); *Texas Industries, Inc. v. Lucas*, 634 S.W.2d 748, 755 (Tex.App.—Houston [14th Dist.] 1982), *rev'd on other grounds,* 27 Tex.Sup.Ct.J. 491 (July 14, 1984). *See also Finnigan v. Blanco County*, 670 S.W.2d 313 (Tex.App.—Austin 1984, no writ). As explained above, there was more than adequate evidence, both before the jury and before us, to determine that the vandal might have intervened. Furthermore, the acts of the Mall personnel in their various failures to prevent this type of incident do not extinguish Lubri-lon's liability. Northwest Mall's actions represented *concurring* causes, namely those which co-operat-

ed with a still present original act in bringing about the injury. *See Bell v. Campbell*, 434 S.W.2d 117, 122 (Tex.1968); *Batko v. Mecca Investment Company*, 642 S.W.2d 41, 44 (Tex.App.—Eastland 1982, no writ). As such, the original negligence remains a proximate cause of the injury regardless of whether the concurring cause was foreseeable. *Bell* at 122; *Batko* at 44. Consequently, the evidence does not support, nor did the trial court err in failing to submit, an issue on new and independent cause. *See McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal*, 627 S.W.2d 480, 483 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

## DAMAGES

Lubri-lon next attacks certain of the jury's findings on the damages issues. They specifically challenge the following elements, suggesting that there was no evidence and/or insufficient evidence to support them, and that they are excessive:

| | |
|---|---|
| Future lost earnings | $107,000.00 |
| Past disfigurement | 25,000.00 |
| Future disfigurement | 30,000.00 |
| Future medical | 75,000.00 |

Alternatively, they request a remittitur of that part of the award.

In personal injury cases, the amount of damages is particularly within the discretion of the jury. *Sanchez v. Schindler*, 626 S.W.2d 871, 874–75 (Tex. App.—Corpus Christi 1981), *rev'd on other grounds*, 651 S.W.2d 249 (Tex.1983). We will not disturb a jury's verdict on the grounds of excessiveness if there is any probative evidence to support the award. *T.J. Allen Distributing Co. v. Leatherwood*, 648 S.W.2d 773, 775 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.). Likewise, a remittitur is proper only if the award is so excessive as to shock the conscience of the court. *North Houston Pole Line Corp. v. McAllister*, 667 S.W.2d 829, 832 (Tex.App.—Houston [14th Dist.] 1983, no writ). After reviewing the evidence under these standards, we cannot say the awards were excessive or unsupported by the evidence.

Mrs. Spencer earned approximately $10,000.00 per year from her job as a saleslady. After the accident, she was forced to quit this job because she was unable to stand without pain. She attempted to find another job, but without success. She sold her home in order to buy a flower shop. She has to hire people to work in this shop because she is unable to do even the simple tasks. Although no dollar figure was given, she stated that she makes less at this job. The award of $107,000.00 amounts to $600.00 per month over a fifteen year period. *See Roberts v. Tatum*, 575 S.W.2d 138, 142 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Considering inflation, this amount is not excessive, and certainly not 100% excessive, as argued by Lubri-lon.

Lubri-lon's complaints about the awards for past and future disfigurement are also without merit. Mrs. Spencer had three hip surgeries prior to trial; she anticipated at least three more. Each surgery left scars, and each future one was expected to leave the scars bigger. Mrs. Spencer considered herself deformed and would only wear clothes that covered the scars. The award amounted to $7.00 a day for the remainder of her life expectancy, an award we find both supported by the evidence and not excessive.

Regarding future medical expenses, Mrs. Spencer's doctor, Dr. Dozier, stated that her artificial hip would have to be replaced approximately every eight years. Mrs. Spencer could thus anticipate at least three more surgeries in her lifetime. At approximately $12,000.00 each, as suggested by Dr. Dozier, that would amount to $36,000.00. Dr. Dozier also testified that she could anticipate in excess of $850.00 a year in medical bills and prescriptions, or about $23,000.00 over her expected lifetime. These alone add up to $59,-000.00, without considering inflation and the jury was not limited to the amount testified to by the doctor. *See City of Houston v. Moore*, 389 S.W.2d 545, 549

(Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.).

In summary, we find that the evidence supporting the damages issues was not factually or legally insufficient, was not excessive, nor does it shock the court's conscience. Lubri-lon's damages points are overruled.

## PREJUDGMENT INTEREST

In a single reply point, Mrs. Spencer contends that the trial court erred in failing to award her prejudgment interest. Prejudgment interest is recoverable as a matter of right when an ascertainable sum of money is determined to have been due and payable at a definite date prior to judgment. *Miner-Dederick Construction Corporation v. Mid-County Rental Service, Inc.,* 603 S.W.2d 193, 200 (Tex.1980); *Bethel v. Butler Drilling Company,* 635 S.W.2d 834, 842 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The crucial factor is whether the measure of recovery or claim is fixed by conditions existing at the time the claim arose or the injury was inflicted. *English v. Fisher,* 649 S.W.2d 83, 92 (Tex.App.—Corpus Christi 1982), *rev'd on other grounds,* 660 S.W.2d 521 (Tex.1983). Here, the amount of damages were not definitely fixed or determinable at any point prior to judgment. Appellee's cross-point is overruled.

## INDEMNITY

In the consolidated portion of this appeal, Northwest Mall contends that the trial court erred in its refusal to uphold an attempted indemnity agreement between it and Lubri-lon. Before the jury returned its verdict, Northwest Mall settled with Mrs. Spencer for $350,000.00. The jury awarded Mrs. Spencer $567,000.00. The Mall now claims that the indemnity clause went into effect because the Mall was found 50% negligent, and that Lubri-lon must pay the Mall their half of the $567,000.00 jury award. Lubri-lon argues that the disputed clause was not effective to protect the Mall against their own negligence. Our exami-

nation of the clause convinces us that the clause is not enforceable under these facts.

The lease agreement between Northwest Mall and Lubri-lon included the following provision:

> The Exhibitor will indemnify The Northwest Mall Joint Venture and Northwest Mall Merchants Association, and any of the merchants leasing space in the mall and/or parking area and save them harmless from and against any and all claims, damages, actions, liability, and expense in connection with the loss of life, personal injury and/or damage to property arising from or out of the occupancy or use by Exhibitor of the premises or any part thereof, or any other part of the shopping center property or occasional (sic), wholly, or in part by any act or omission of exhibitor, it's (sic) agents, contractors, employees or participants.

In considering the validity of this clause, we must keep in mind that the current trend of Texas law has been progressively stricter in applying the general rule of indemnity. That rule states that a contract of indemnity will not protect an indemnitee against his own negligence unless the obligation of the indemnitor to do so is expressed in clear and unequivocal terms. *Eastman Kodak Company v. Exxon Corporation,* 603 S.W.2d 208, 211 (Tex.1980). We must then determine whether the instant clause contains a clear statement that Lubri-lon intends to save Northwest Mall harmless from liability for the Mall's own negligence. *See Fireman's Fund Insurance Company v. Commercial Standard Insurance Company,* 490 S.W.2d 818 (Tex. 1972). We believe it does not.

While our indemnity provision does include general language referring to Lubri-lon's responsibility for "any and all claims," it continues to state that Lubri-lon will be required to take this responsibility only when the damages were occasioned by the use of the property by the Exhibitor, Lubri-lon. The clause further provides that Lubri-lon would indemnify the Mall for any damages occasioned in whole or in part by any acts or omissions of Lubri-lon. Un-

**806**

der the strict rules announced above, we certainly cannot agree that this clearly and unequivocally states that Lubri-lon will indemnify Northwest Mall for the Mall's own negligence. In direct contrast, this specifically refers to the negligence of Lubri-lon, without an accompanying assumption of liability for the negligence of Northwest Mall.

Northwest Mall argues that they come under a "premises" exception to the broad general rule announced above. This exception, as found in *Fireman's Fund,* states that Northwest Mall would be entitled to indemnity if the agreement was found to be one in which one party clearly undertook to indemnify another party against liability for injuries or damages caused by defects in certain premises or resulting from the maintenance or operation of a specified instrumentality. *Fireman's Fund,* 490 S.W.2d at 822. This argument fails on two accounts. First, the indemnity provision here does not contain a clear undertaking of indemnity. Secondly, the *Eastman Kodak* court has held that this is not really an exception, but rather is simply an application of the general rule. *Eastman Kodak,* 603 S.W.2d at 212. Consequently, Northwest Mall's point of error is overruled.

In this portion of the appeal, Lubri-lon attempts to argue that the jury's findings in regard to the language contained in the indemnity provisions, were unsupported by the evidence and incorrect as a matter of law. They specifically refer to the findings that the occurrence did arise out of the occupancy of the booth and that the occurrence was a result of an act or omission of Lubri-lon. We here reiterate that these findings were supported by the evidence. However, these findings are of no consequence in the context of the validity of the indemnity agreement since such agreement was inadequate to create indemnity as a matter of law.

The judgment of the trial court is affirmed.

ROBERTSON, J., concurs in the result.