IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51126
Summary Calendar

_____

SANDRA K. BATTEN; DANIEL BATTEN,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; DEPARTMENT
OF THE ARMY; FORT BLISS, TEXAS
COMMISSARY, An Agency of the United
States Government, Individually, Severally,
and Collectively,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CV-190-F
--------------------

November 3, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sandra Batten and Daniel Batten appeal from the order of the
district court entering judgment for the defendant and dismissing
plaintiffs' Federal Tort Claims Act suit (FTCA).  Plaintiffs had
sought damages for injuries allegedly sustained by Sandra Batten
when she was struck on the knee by a grocery bagger's cart while
shopping at the Ft. Bliss, Texas, U.S. Army commissary.
Following a bench trial, the district court determined that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant owed no duty of care to plaintiffs and that, even if defendant had breached a duty to plaintiffs, defendant did not proximately cause the disabling condition and other harm alleged by plaintiffs.

The standard of review for a bench trial is whether the district judge's factual findings are clearly erroneous; legal issues are reviewed de novo. See Fed. R. Civ. P. 52(a); Seal v. Knorpp, 957 F.2d 1230, 1234 (5th Cir. 1992). Under the clearly erroneous standard, this court will not set aside the district court's factual findings unless, based upon the entire record, it is "'left with the definite and firm conviction that a mistake has been committed.'" Burlington N. R.R. v. Office of Inspector Gen., R.R. Retirement Bd., 983 F.2d 631, 639 (5th Cir. 1993).

Actions under the FTCA are determined "in accordance with the law of the place where the act or omission occurred," therefore Texas law applies to plaintiffs' negligence claim. 28 U.S.C. § 1346(b). "The law of [Texas] is that proximate cause includes two essential elements: (1) foreseeability and (2) cause in fact or causal relation." Wolf v. Friedman Steel Sales, Inc., 717 S.W.2d 669, 671 (Tex. App. 1986, no writ). "[I]n Texas both components of proximate cause present questions of fact, . . . unless reasonable minds are compelled to a single conclusion, in which event the matter becomes a question of law." Garza v. United States, 809 F.2d 1170, 1173 (5th Cir. 1987)(citations omitted).

The clearly erroneous standard of review "recognizes the unique opportunity of the district court to make credibility

choices and resolve conflicts in the evidence."  Ayers v. United States, 750 F.2d 449, 452 (5th Cir. 1985).  The court has carefully reviewed the record in this case, and finds that the district court did not clearly err in assessing the expert medical and other testimony and finding that the commissary incident was not the proximate cause of plaintiffs' injuries. The judgment of the district court must therefore be affirmed.

AFFIRMED.