# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00124-CV

**Everett Watson, Appellant**

**v.**

**Beverly Monk, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 237,820-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case arises from an automobile accident between the parties. Appellant Everett Watson brought suit against appellee Beverly Monk, alleging that she was negligent by failing to make a proper right turn and that her negligence caused him damages. The case was tried to a jury. The trial court granted a directed verdict in favor of Monk at the conclusion of Watson's evidence and signed a judgment in accordance with the directed verdict. Watson appeals pro se, raising four points of error in his brief.[1] For the reasons that follow, we affirm the trial court's judgment.

---

[1] Watson was represented by counsel for a period of time when the case was pending before the trial court, but he represented himself during the jury trial and has appealed pro se. We hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). We do, however, construe the issues raised in Watson's brief liberally. *See* Tex. R. App. P. 38.9; *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.).

Watson's pleaded cause of action against Monk was negligence. "The elements of negligence are the existence of a duty on the part of one party to the other, a breach of that duty, and damages proximately caused by the breach of that duty." *Northwest Mall, Inc. v. Lubri-Lon Int'l, Inc.*, 681 S.W.2d 797, 802 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (citing *Lucas v. Everman Corp.*, 696 S.W.2d 372 (Tex.1984)). At the close of Watson's evidence, Monk expressly moved for directed verdict based upon Watson's failure to present any evidence of the element of actual damages. In response, Watson stated to the trial court that he did not object to the motion, and the trial court granted Monk's motion and thereafter signed the judgment based upon the directed verdict.

Watson's points of error primarily focus on the road's lane markings and the proper procedure for making a right turn at the intersection where the accident occurred. He contends that the evidence showed that Monk was guilty of reckless driving, and he complains about the denial of his motion for continuance on the morning of trial and the exclusion of evidence that he contends would have rebutted an investigating officer's testimony. He states that he was surprised that the defense intended "to use the police officer as an expert witness in street design and construction" and that he needed more time to gather information to rebut his testimony. These points of error concern who was at fault in causing the accident—Watson or Monk—and, therefore, are relevant to the breach-of-duty element of Watson's negligence claim. *See id.*

Monk contends that Watson waived his right to complain of the directed verdict that was based upon the lack of damages evidence and that this waiver is dispositive of his appeal. *See Secure Comm, Inc. v. Anderson*, 31 S.W.3d 428, 430–31 (Tex. App.—Austin 2000, no pet.)

2

(appellant waives the right to complain of a trial court's ruling when he fails to assign error to the ruling); *Johnson v. Coggeshall*, 578 S.W.2d 556, 560 (Tex. Civ. App.—Austin 1979, no writ) ("Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the judgment will be affirmed on the ground to which no complaint is made. In such situations it is said that the appellant has waived his right to complain of the ruling to which no error was assigned."). Watson counters in his reply brief that he did not waive the issue and that he challenged the directed verdict in his original brief.

Assuming without deciding that Watson did not waive his right to complain as to the trial court's directed verdict, we conclude that the trial court did not err by granting it. A directed verdict for a defendant may be proper "when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery." *Prudential Ins. Co. of Am. v. Financial Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). During his case in chief, Watson testified and presented excerpts from the deposition of Monk concerning the cause of the accident. He also presented the following documentary evidence: (i) the Texas Peace Officer's Crash Report, (ii) a photograph of the intersection where the accident occurred, (iii) a photograph of his vehicle after the accident, and (iv) a document showing that the citation issued to him as a result of the accident was dismissed. This evidence failed to raise a fact issue as to the element of damages. *See id.*

To the extent Watson relies upon exhibits included in an appendix that he filed with this Court to support evidence of his actual damages, the exhibits were not properly included in the record on appeal, and we may not consider them. *See* Tex. R. App. P. 38.1(f) (requiring appellate briefs to contain statement of facts supported by record references); *Save Our Springs Alliance, Inc.*

3

*v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *Burke v. Insurance Auto Auctions*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) (documents that are cited in the brief and attached as appendices may not be considered by appellate courts if they are not formally included in the record on appeal).[2]

We conclude that the trial court did not err by granting directed verdict in favor of Monk based upon Watson's failure to present evidence to raise a fact issue as to the damages element of his negligence claim. *See Prudential Ins. Co. of Am.*, 29 S.W.3d at 77; *Northwest Mall, Inc.*, 681 S.W.2d at 802. We, therefore, affirm the trial court's judgment and need not address Watson's points of error concerning the breach-of-duty element of his negligence claim. *See* Tex. R. App. P. 47.1.[3]

---

[2] Pending before this Court are Monk's Motion to Strike Documents Previously Filed by Appellant and Documents Contained within Appellant's Appendices and Watson's "Bill of Exception." In the "Bill of Exception," Watson includes documents that were not part of the appellate record. We grant Monk's motion to the extent that she requests that we not consider the documents and deny Watson's "Bill of Exception" for the same reason.

[3] Even if we were to address these points of error, we would overrule them. To the extent Watson challenges the trial court's denial of his oral motion for continuance, the motion did not comply with the Texas Rules of Civil Procedure and did not preserve its denial for our review. *See* Tex. R. Civ. P. 251 (continuance shall not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law"); *Dempsey v. Dempsey*, 227 S.W.3d 771, 776 (Tex. App.—El Paso 2006, no pet.) (orally requesting continuance does not preserve error); *Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (presentation of oral motion without supporting affidavit failed to preserve complaint for appellate review). As to his complaints concerning the exclusion of evidence to rebut the investigating officer's testimony, the officer did not testify. The trial court directed verdict before the presentation of the defense's evidence. Finally, even if we concluded that the evidence showed that Monk was driving recklessly, the directed verdict would still have been proper because Watson failed to produce evidence to support a fact issue on damages.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed:   October 10, 2012