TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00124-CV






Everett Watson, Appellant


v.


Beverly Monk, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 237,820-B, HONORABLE RICK MORRIS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This case arises from an automobile accident between the parties. Appellant Everett
Watson brought suit against appellee Beverly Monk, alleging that she was negligent by failing to
make a proper right turn and that her negligence caused him damages. The case was tried to a jury.
The trial court granted a directed verdict in favor of Monk at the conclusion of Watson's evidence
and signed a judgment in accordance with the directed verdict. Watson appeals pro se, raising four
points of error in his brief. (1) For the reasons that follow, we affirm the trial court's judgment.

 Watson's pleaded cause of action against Monk was negligence. "The elements of 
negligence are the existence of a duty on the part of one party to the other, a breach of that duty, and
damages proximately caused by the breach of that duty." Northwest Mall, Inc. v. Lubri-Lon Int'l,
Inc., 681 S.W.2d 797, 802 (Tex. App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.) (citing Lucas
v. Everman Corp., 696 S.W.2d 372 (Tex.1984)). At the close of Watson's evidence, Monk expressly
moved for directed verdict based upon Watson's failure to present any evidence of the element of
actual damages. In response, Watson stated to the trial court that he did not object to the motion,
and the trial court granted Monk's motion and thereafter signed the judgment based upon the
directed verdict.

 Watson's points of error primarily focus on the road's lane markings and the proper
procedure for making a right turn at the intersection where the accident occurred. He contends that
the evidence showed that Monk was guilty of reckless driving, and he complains about the denial
of his motion for continuance on the morning of trial and the exclusion of evidence that he contends
would have rebutted an investigating officer's testimony. He states that he was surprised that the
defense intended "to use the police officer as an expert witness in street design and construction" and
that he needed more time to gather information to rebut his testimony. These points of error concern
who was at fault in causing the accident--Watson or Monk--and, therefore, are relevant to the
breach-of-duty element of Watson's negligence claim. See id.

 Monk contends that Watson waived his right to complain of the directed verdict that
was based upon the lack of damages evidence and that this waiver is dispositive of his appeal. See
Secure Comm, Inc. v. Anderson, 31 S.W.3d 428, 430-31 (Tex. App.--Austin 2000, no pet.)
(appellant waives the right to complain of a trial court's ruling when he fails to assign error to the
ruling); Johnson v. Coggeshall, 578 S.W.2d 556, 560 (Tex. Civ. App.--Austin 1979, no writ)
("Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must
assign error to each ground or the judgment will be affirmed on the ground to which no complaint
is made. In such situations it is said that the appellant has waived his right to complain of the ruling
to which no error was assigned."). Watson counters in his reply brief that he did not waive the issue
and that he challenged the directed verdict in his original brief.

 Assuming without deciding that Watson did not waive his right to complain as to the
trial court's directed verdict, we conclude that the trial court did not err by granting it. A directed
verdict for a defendant may be proper "when a plaintiff fails to present evidence raising a fact issue
essential to the plaintiff's right of recovery." Prudential Ins. Co. of Am. v. Financial Review Servs.,
Inc., 29 S.W.3d 74, 77 (Tex. 2000). During his case in chief, Watson testified and presented
excerpts from the deposition of Monk concerning the cause of the accident. He also presented the
following documentary evidence: (i) the Texas Peace Officer's Crash Report, (ii) a photograph of
the intersection where the accident occurred, (iii) a photograph of his vehicle after the accident, and
(iv) a document showing that the citation issued to him as a result of the accident was dismissed. 
This evidence failed to raise a fact issue as to the element of damages. See id.

 To the extent Watson relies upon exhibits included in an appendix that he filed with
this Court to support evidence of his actual damages, the exhibits were not properly included in the
record on appeal, and we may not consider them. See Tex. R. App. P. 38.1(f) (requiring appellate
briefs to contain statement of facts supported by record references); Save Our Springs Alliance, Inc.
v. City of Dripping Springs, 304 S.W.3d 871, 892 (Tex. App.--Austin 2010, pet. denied) ("We are
limited to the appellate record provided."); Burke v. Insurance Auto Auctions, 169 S.W.3d 771, 775
(Tex. App.--Dallas 2005, pet. denied) (documents that are cited in the brief and attached as
appendices may not be considered by appellate courts if they are not formally included in the record
on appeal). (2)

 We conclude that the trial court did not err by granting directed verdict in favor of
Monk based upon Watson's failure to present evidence to raise a fact issue as to the damages
element of his negligence claim. See Prudential Ins. Co. of Am., 29 S.W.3d at 77; Northwest Mall,
Inc., 681 S.W.2d at 802. We, therefore, affirm the trial court's judgment and need not address
Watson's points of error concerning the breach-of-duty element of his negligence claim. See Tex.
R. App. P. 47.1. (3) 



 __________________________________________

 Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: October 10, 2012
1. Watson was represented by counsel for a period of time when the case was pending before
the trial court, but he represented himself during the jury trial and has appealed pro se. We hold pro
se litigants to the same standards as licensed attorneys and require them to comply with the
applicable laws and rules of procedure. Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005) (per
curiam). To do otherwise would give pro se litigants an unfair advantage over litigants represented
by counsel. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). We do, however,
construe the issues raised in Watson's brief liberally. See Tex. R. App. P. 38.9; Washington v. Bank
of N.Y., 362 S.W.3d 853, 854 (Tex. App.--Dallas 2012, no pet.).
2. Pending before this Court are Monk's Motion to Strike Documents Previously Filed by
Appellant and Documents Contained within Appellant's Appendices and Watson's "Bill of
Exception." In the "Bill of Exception," Watson includes documents that were not part of the
appellate record. We grant Monk's motion to the extent that she requests that we not consider the
documents and deny Watson's "Bill of Exception" for the same reason. 
3. Even if we were to address these points of error, we would overrule them. To the extent
Watson challenges the trial court's denial of his oral motion for continuance, the motion did not
comply with the Texas Rules of Civil Procedure and did not preserve its denial for our review. 
See Tex. R. Civ. P. 251 (continuance shall not be granted "except for sufficient cause supported
by affidavit, or by consent of the parties, or by operation of law"); Dempsey v. Dempsey,
227 S.W.3d 771, 776 (Tex. App.--El Paso 2006, no pet.) (orally requesting continuance does not
preserve error); Taherzadeh v. Ghaleh-Assadi, 108 S.W.3d 927, 928 (Tex. App.--Dallas 2003, pet.
denied) (presentation of oral motion without supporting affidavit failed to preserve complaint for
appellate review). As to his complaints concerning the exclusion of evidence to rebut the
investigating officer's testimony, the officer did not testify. The trial court directed verdict before
the presentation of the defense's evidence. Finally, even if we concluded that the evidence showed
that Monk was driving recklessly, the directed verdict would still have been proper because Watson
failed to produce evidence to support a fact issue on damages.