**Frank GARVEY, Appellant,**

v.

**Lisa VAWTER, Appellee.**

No. 09–88–222 CV.

Court of Appeals of Texas,
Beaumont.

May 17, 1990.

Rehearing Denied June 11, 1990.

Richard Baker, Zbranek & Hight, Liberty, for appellant.

Phillip Summers, Lorance & Thompson, Houston, for appellee.

OPINION

PER CURIAM.

This is an appeal from a summary judgment on the pleadings. Appellant filed suit alleging that appellee negligently left the

keys to her parked automobile in the ignition, that a thief then stole the automobile and drove it into appellant's place of business to his damage. The trial court granted appellee's motion for summary judgment on the pleadings on the ground that, as a matter of law, appellee's action cannot be the proximate cause of appellant's damages. This court reversed and remanded for trial, 774 S.W.2d 86, on the grounds that the proper method for attacking the sufficiency of the pleadings is by special exceptions and that this should not be circumvented by a motion for summary judgment on failure to state a cause of action. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983). Because this ground was not raised by appellant, but by this court *sua sponte*, the Supreme Court, 786 S.W.2d 263, reversed and remanded to this court for further consideration. *See San Jacinto River Authority v. Duke*, 783 S.W.2d 209 (Tex.1990). We now affirm.

■ Appellant's single point of error states that the trial court erred in granting the motion for summary judgment because appellant's cause of action is not precluded as a matter of law on the issue of proximate cause. In our first opinion we noted that appellant's original petition failed to allege foreseeability, 774 S.W.2d at 87. In some cases, the issue of foreseeability may be a genuine issue of fact. *Finnigan v. Blanco County*, 670 S.W.2d 313 (Tex.App.—Austin 1984, no writ). However, without the allegation of foreseeability plead, there can be no such fact issue. Thus, in the absence of appellant raising the issue that the correct method to attack the pleadings was by special exception rather than summary judgment, we are constrained to affirm the judgment below;

AFFIRMED.