**Frank GARVEY, Petitioner,**

v.

**Lisa VAWTER, Respondent.**

No. D–0081.

Supreme Court of Texas.

Sept. 19, 1990.

Juan Perales, Robstown, for relator.

Irma M. Sanjines, Corpus Christi, Jim Mattox, Rhonda Amkraut Bayer, Austin, for respondent.

Richard Baker, Liberty, for petitioner.

Phillip C. Summers, Houston, for respondent.

PER CURIAM.

This is a summary judgment case. Frank Garvey filed suit to recover property damages sustained when Lisa Vawter's automobile, which had been stolen, struck Garvey's boat business. Garvey alleged in his petition that his damages were "proximately caused by the negligence of Vawter in leaving her keys in the automobile while the same was unguarded." The trial court granted Vawter's motion for summary judgment on the pleadings on the ground that Vawter's actions could not, as a matter of law, be the proximate cause of Garvey's damages. The court of appeals reversed, stating that the trial court's failure to require special exceptions had deprived Garvey of the opportunity to amend his pleadings. 774 S.W.2d 86. Because that ground for reversal had been neither raised at trial nor briefed or assigned as error on appeal, this court granted both parties' applications for writ of error, reversed the judgment of the court of appeals, and remanded the cause to that court with instructions to consider Garvey's remaining arguments. 786 S.W.2d 263. The court of appeals then affirmed the trial court's summary judgment on the ground that Garvey's original petition failed to allege the foreseeability of his damages. 790 S.W.2d 403 (1990).

■ The purpose of pleadings is to define the issues at trial. *Murray v. O & A Express Inc.*, 630 S.W.2d 633, 636 (Tex. 1982). A proper pleading gives fair and adequate notice of the facts relied upon, enabling the opposing party to prepare a defense. *Id.; Roark v. Allen*, 633 S.W.2d 804 (Tex.1982). Garvey's petition is thus sufficient if, by alleging proximate causation, it gives fair notice that Garvey would seek to prove that his injury was foreseeable.

■ Proximate cause encompasses two elements: cause in fact *and foreseeability*. *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex.1988). Thus, in light of the petition's explicit allegation of proximate cause, Vawter had ample notice that foreseeability was at issue. The court of appeals therefore erred in finding the petition deficient.

A majority of the Court grants Garvey's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the cause to that court for consideration of the issue presented: namely, whether Garvey's cause of action was precluded as a matter of law on the issue of proximate cause. Tex.R.App.P. 170.