Frank GARVEY, Appellant,

v.

Lisa VAWTER, Appellee.

No. 09–88–222 CV.

Court of Appeals of Texas,
Beaumont.

Feb. 28, 1991.

Richard G. Baker, Zbranek & Hight, Liberty, for appellant.

Phillip C. Summers, Lorance & Thompson, Houston, for appellee.

OPINION ON REMAND

PER CURIAM.

This is an appeal from a summary judgment on the pleadings. Appellant filed suit alleging that appellee negligently left the keys to her parked automobile in the ignition, that a thief then stole the automobile and drove it into appellant's place of business to his damage. The trial court granted appellee's motion for summary judgment on the pleadings on the ground that, as a matter of law, appellee's action cannot be the proximate cause of appellant's damages. This court reversed and remanded for trial, 774 S.W.2d 86 (1989), on the grounds that the proper method for attacking the sufficiency of the pleadings is by special exceptions and that this should not

be circumvented by a motion for summary judgment on failure to state a cause of action. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983). Because this ground was not raised by appellant, but by this court *sua sponte*, the supreme court reversed and remanded to this court for further consideration, 786 S.W.2d 263 (Tex. 1990). *See San Jacinto River Authority v. Duke*, 783 S.W.2d 209 (Tex.1990). Upon remand, we affirmed, 790 S.W.2d 403, holding that appellant failed to plead foreseeability and thus there was no fact issue presented, therefore summary judgment was proper. The supreme court again reversed, 795 S.W.2d 741 (Tex.1990) holding that appellant's pleading of proximate cause included the element of foreseeability and remanded for this court to consider "... the issue presented: namely, whether Garvey's cause of action was precluded as a matter of law on the issue of proximate cause." 795 S.W.2d at 742. We hold it does not and again reverse.

■ The general rule is that an owner of a vehicle is not liable to third parties as a result of negligent operation of the vehicle by a thief not authorized to drive the vehicle. *Parker and Parker Construction Co., Inc. v. Morris*, 346 S.W.2d 922 (Tex. Civ.App.—El Paso 1961, writ ref'd n.r.e.). In order for appellee to be held negligent, the injury to appellant must have been foreseeable. *McKinney v. Chambers*, 347 S.W.2d 30 (Tex.Civ.App.—Texarkana 1961, no writ).

■ Since foreseeability may be a genuine issue of fact, *Finnigan v. Blanco County*, 670 S.W.2d 313 (Tex.App.—Austin 1984, no writ), Garvey's cause of action is not precluded as a matter of law on the issue of proximate cause.

REVERSED AND REMANDED.