Norma Lucille SIMMONS, Appellant,

v.

Rosa V. FLORES, Appellee.

No. 6–91–083–CV.

Court of Appeals of Texas, Texarkana.

Aug. 11, 1992.

Rehearing Denied Oct. 6, 1992.

Edward Fudge, Simmons & Fletcher, Houston, for appellant.

Nicholas J. Lanza, Giessel, Stone, Baker, Lyman, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Rosa Flores parked her car in front of the washateria where she works and left her ignition keys inside the vehicle. An unknown person took the car without Flores' permission and later was involved in a collision that damaged Norma Simmons' house. Simmons sued Flores, alleging that her act in leaving the keys in the unattended car was negligence and a proximate cause of her damages. The trial court granted Flores' motion for summary judgment. Simmons has appealed.

To be entitled to a summary judgment, the movant must establish by competent summary judgment evidence that there is no genuine issue of material fact concerning the nonmovant's claim and that the movant is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978).

■ Ordinarily, the act of a third person in committing a crime is a superseding cause of harm to one resulting from that act, even though the defendant's conduct created a situation that afforded an opportunity for the third person to commit the crime. RESTATEMENT (SECOND) OF TORTS § 448 (1965). If, however, the defendant realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a crime, he may be liable. *Id.; see Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985). Foreseeability is the key issue.

■ Generally, a person who leaves the keys in a car will not be liable for damage caused by one who steals the car. *Williamson v. Wayne Strand Pontiac–GMC*, 658 S.W.2d 263 (Tex.App.–Corpus Christi 1983, writ ref'd n.r.e.); *McKinney v. Chambers*, 347 S.W.2d 30 (Tex.Civ.App.–Texarkana 1961, no writ). In some circumstances, however, the act of an owner in leaving a car unlocked with the keys in it at a public place *may* be negligence and a proximate cause of damage to a third person or property when a thief takes the car

and causes such damage. But, to constitute negligence and proximate cause in those circumstances, proof of the owner's conduct must be accompanied by *evidence* that, because of the facts and circumstances surrounding the location and the conduct, a reasonable, prudent person would not have acted as the owner did and could have reasonably foreseen that the car might be stolen and that some damage might result. *Finnigan v. Blanco County*, 670 S.W.2d 313 (Tex.App.–Austin 1984, no writ); *Bicknell v. Lloyd*, 635 S.W.2d 150 (Tex.App.–Houston [1st Dist.] 1982, no writ); *also compare Hunsucker v. Omega Industries*, 659 S.W.2d 692 (Tex.App.–Dallas 1983, no writ).

Evidence that may justify a finding of negligence and foreseeability when the act causing harm is a third party's criminal act is that the public place was in a high-crime area, or had been the site of thefts or similar crimes in the past, or was a place relatively unprotected and susceptible to criminal acts. *See, e.g., Nixon v. Mr. Property Management*, 690 S.W.2d 546. We may not simply speculate that these conditions existed. They must be shown by evidence. Only then will a fact finder be justified in finding that harm was foreseeable and that the act of the thief was not such an intervening cause as would defeat reasonable foreseeability.

█ In this case there is no summary judgment evidence of any of these facts which would make the theft foreseeable. Simmons did not produce any summary judgment evidence to counter Flores' summary judgment evidence. Although courts may not grant summary judgment by default, they must take *uncontradicted* summary judgment evidence as absolutely true, and when a defendant supports her motion for summary judgment by affidavits sufficient on their face to negate the plaintiff's allegations of negligence and proximate cause, the summary judgment must be granted unless the plaintiff counters that summary judgment evidence with summary judgment evidence of her own which raises a fact issue on those elements. 4 R. McDonald, Texas Civil Practice in District and County Courts § 17.26.8 (rev. 1984), and cases there cited.

█ Simmons did not produce any summary judgment evidence. Flores' summary judgment evidence, taken as true, establishes that she left her car in a *private* parking lot where she was employed; she had worked there for a considerable time and had never known of any car thefts; she did not have control over the parking lot or other premises or any employee; and she did not authorize anyone to take her car, but it was taken without her knowledge and consent. In the absence of any evidence showing that the site where the car was taken was in a high-crime area, or that similar crimes had occurred there or nearby in the past, or that the site was a public place relatively unprotected and susceptible to criminal activity, Flores' summary judgment evidence conclusively established a lack of foreseeability that precluded a finding of negligence or proximate cause.

Because Simmons failed to raise a genuine issue of fact in response to Flores' motion, summary judgment was properly rendered. The judgment is affirmed.

BLEIL, Justice, dissenting.

In deciding whether or not there is a disputed material issue of fact precluding the summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex.1985). The only affidavit filed in connection with the motion for summary judgment is an affidavit by Flores. She states that she mistakenly left her keys in the car, that she had not given permission for anyone to use the car, and that she had never known of anyone's car being stolen.

This court has held that a person who had left the ignition key in a car could not foresee that the car would be stolen and negligently operated. *McKinney v. Chambers*, 347 S.W.2d 30, 31 (Tex.Civ.App.–Tex-

arkana 1961, no writ).[1] As noted by the majority, issues such as reasonableness and foreseeability are inherently issues for a jury because whether each is precluded as a matter of law depends upon all the facts and circumstances in each case. *Hunsucker v. Omega Industries,* 659 S.W.2d 692, 698 (Tex.App.–Dallas 1983, no writ). Inherently, a fact finder should resolve the questions of negligence and causation in this case.

Even though it would have been more prudent for Simmons to have put on summary judgment evidence, we nonetheless indulge every reasonable inference in her favor and resolve any doubts in her favor because she is the nonmovant. *See Nixon v. Mr. Property Management,* 690 S.W.2d at 549. Under the circumstances, I conclude that there exists a fact question as to Flores' negligence in leaving the keys in the car and as to whether such negligence was the proximate cause of the damages. A fact finder could determine that she was or was not negligent and that she could or could not have foreseen that someone might steal her car and operate it in such a manner as to do damage to another's person or property.

I do not agree that Flores' affidavit conclusively established a lack of foreseeability. It may have established that she may not have foreseen what happened. It did not negate the proposition that "a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom." *See* 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 2.02 (1987). I believe that a jury could find, on the facts in Flores' affidavit alone, that a person of ordinary care would have foreseen that someone might start the car and cause damage or injury to another's property or person. A car left with keys in the ignition might be taken by a thief, a joy rider, an unsupervised child, or by some other person who might intentionally or accidentally start the car and intentionally or accidentally damage property or injure persons. A person of ordinary care can foresee these things.

I dissent.

---

1. To the extent that *McKinney* is inconsistent with my views as expressed herein, we should overrule *McKinney.*