**Charles Wayne STEPHENS,
et ux., Appellants,**

v.

**CROWDER INVESTMENTS, INC.,
Individually and d/b/a Crowder
Funeral Homes, Appellee.**

**No. 10–92–064–CV.**

Court of Appeals of Texas,
Waco.

Nov. 18, 1992.

Scott C. Lannie, Law Offices of Andrew J. Lannie, Baytown, for appellants.

James D. Robinson, Karri J. Webb, Giessel, Stone, Barker & Lyman, Houston, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

THOMAS, Chief Justice.

Charles and Faye Stephens are appealing from a summary judgment in favor of Crowder Investments, Inc., a company that operates funeral homes. The Stephenses have four points of error. In their first point, they argue that the court erred in granting the summary judgment. Second, the Stephenses assert, the trial court erred in holding that, as a matter of law, the company was not negligent and owed them no legal duty. Their third point of error is that the court denied them due process under the United States Constitution and the Texas Constitution by granting the summary judgment. In the fourth point, the Stephenses contend the court violated the "open courts" provision of the Texas Constitution by granting the summary judgment. We reverse and remand.

On May 8, 1992, John Crowder, Vice-President of Crowder Investments, parked a company vehicle in a parking lot behind the funeral home and left the keys in the ignition. John Ray Faulkner, a twelve-year-old, stole the vehicle and was then involved in a collision in which the Stephenses were injured. The Stephenses contend that Crowder Investments is liable for their damages as a result of John Crowder's negligence in leaving the keys in the ignition in the vehicle. They further argue that his negligence was a proximate cause of the collision.

■ In the Stephenses' first two points, they contend that the court erred in granting the summary judgment and by holding that the company was not negligent and owed them no legal duty as a matter of law. Because Crowder Investments moved for the summary judgment, it must show as a matter of law that no material issue of fact exists as to the Stephenses' cause of action. *See Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 166 (Tex.1987). It could accomplish this by showing that at least one element of the cause of action has been established conclusively against the Stephenses. *See Gray v. Bertrand,* 723 S.W.2d 957, 958 (Tex.1987).

In the absence of a statute prohibiting an owner of a vehicle from leaving his keys in the ignition,[1] the authorities are divided about whether one injured by a thief of the vehicle can recover. Even jurisdictions that deny a recovery are divided. Some hold that the owner owes no duty to the injured person; other jurisdictions hold that, even if he can be said to be negligent, such an owner would not be held liable as a matter of law because (a) the theft was unforeseeable or (b) the independent, intervening agency, *i.e.*, the thief, was the direct cause of the injury and the owner's negligence only a remote cause. William H. Danne, Jr., J.D., Annotation, *Liability of Motorist Who Left Key in Ignition for Damage or Injury Caused by Stranger Operating the Vehicle,* 45 A.L.R.3d 787, §§ 3–7 (1972 & Supp.1992). The Texas Supreme Court has not explicitly decided whether a vehicle owner can be liable if he leaves his key in the ignition and a thief thereafter steals the vehicle and injures a third party. *See Garvey v. Vawter,* 795 S.W.2d 741, 742 (Tex.1990) (remanding the case to the Beaumont Court of Appeals to determine whether the cause was precluded as a matter of law on the issue of proximate cause).

The elements of a negligence cause of action are (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). Proximate cause consists of foreseeability and cause in fact. *City of Gladewater v. Pike,* 727 S.W.2d 514, 517 (Tex.1987). Cause in fact means that the omission or act involved was a substantial factor in bringing about the injury and without which no harm would have occurred. *Id.* Foreseeability requires that the actor, as a person of ordinary intelligence, would have anticipated the danger that his negligent act created for others. *Id.* Proximate cause may not be established by a mere guess or conjecture, but rather must be proved by evidence of probative force. *McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901, 903 (Tex.1980).

The general rule in Texas is that a vehicle owner is not responsible for personal injury or property damages caused by a thief who steals the vehicle. *Wolf v. Friedman Steel Sales, Inc.,* 717 S.W.2d 669, 672 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.). The reasoning behind this rule is that the theft is not a reasonably foreseeable intervening cause, and the

---

**1.** Although section 97 of article 6701d prohibits a person from permitting a vehicle "to stand unattended without first stopping the engine, locking the ignition, removing the key from the ignition and effectively setting the brake," it does not apply to vehicles left standing on private property. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 97 (Vernon 1977); *Williamson v. Wayne Strand Pontiac-GMC,* 658 S.W.2d 263, 264 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.). Even when the statute applies, the authorities are divided about whether it imposes liability on the owner when the vehicle is stolen. William H. Danne, Jr., J.D., Annotation, *Liability of Motorist Who Left Key in Ignition for Damage or Injury Caused by Stranger Operating the Vehicle,* 45 A.L.R.3d 787, §§ 3–7 (1972 & Supp.1992).

owner is thus relieved of liability. *Id.* at 674. However, the owner's negligence will not be excused when the criminal conduct is a foreseeable result of such negligence. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 550 (Tex.1985).

Foreseeability may be a genuine issue in fact. *Garvey v. Vawter,* 805 S.W.2d 601, 602 (Tex.App—Beaumont 1991, no writ). Foreseeability does not require a person of ordinary intelligence to have anticipated a particular act or injury. *Nixon,* 690 S.W.2d at 551. Rather, the issue of foreseeability merely requires that an actor reasonably anticipate the general character of the risks posed by his own negligent conduct. *Id.* Evidence of specific previous crimes on or near the premises raises a fact issue on the foreseeability of criminal activity. *Id.* at 550. There is no evidence in the record on whether or not there were similar thefts or other criminal acts in the area. As a result, Crowder Investments did not meet its burden to conclusively negate the foreseeability element of negligence. We sustain the first two points.

■ The Stephenses' third point is that the court deprived them of due process, under both the United States and Texas Constitutions, by granting the summary judgment. In their fourth point, they assert that the court also violated the open-courts provision of the Texas Constitution. Because they did not raise these reasons for why the summary judgment should be denied in their response to the motion, their third and fourth points are not properly before us on appeal. *See State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). A party cannot raise new reasons why a summary judgment should be denied for the first time on appeal. *City of Houston,* 589 S.W.2d at 678. However, if the third and fourth points were properly before us, we would still overrule them because the Stephenses failed to support their claims with argument, authorities, or references to the record. *See Baucom v. Crews,* 819 S.W.2d 628, 631 (Tex. App.—Waco 1991, no writ). We overrule points three and four.

We reverse the judgment and remand the cause for trial.