Therese **HARTSFIELD,** Anthony Hartsfield, **and Therese Hartsfield and Anthony Hartsfield as Representatives of the Estate of Shawn Michelle Hartsfield, Appellants**

v.

**McREE FORD, INC., Appellee.**

No. 01–93–01164–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 19, 1995.

Rehearing Overruled March 9, 1995.

William V. Wade, Houston, for appellants.

William K. Luyties and John A. Culberson, Houston, for appellee.

Before ANDELL, DUGGAN[1] and HUTSON–DUNN, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a take-nothing summary judgment rendered in favor of appellee, McRee Ford, Inc., in a wrongful death and survival action[2] for the loss of the Hartsfields' 19–year–old daughter. In a sole point of error, the Hartsfields contend that McRee Ford failed to prove that there were no genuine issues of material fact. We affirm.

## I. FACTS AND PROCEDURAL POSTURE

In February of 1991, the Hartsfields' daughter, Shawn Michelle Hartsfield, sustained injures from a motor vehicle collision on Almeda Road, resulting in her death shortly thereafter. The car that struck decedent had been stolen the previous day from McRee Ford's used car sales lot in Dickinson.

The Hartsfields sued McRee Ford, claiming that McRee Ford was negligent and grossly negligent in its manner of preventing the theft of vehicles on its sales lot. The

1. Justice Duggan, who retired December 31, 1994, continues to sit by assignment for the disposition of this case, which was submitted prior to that date.

2. Tex.Civ.Prac. & Rem Code Ann. §§ 71.002–.004, 71.021 (Vernon 1986).

trial court granted McRee Ford's motion for summary judgment, without specifying the grounds upon which it relied.

## II. STANDARD OF REVIEW

Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt.*, 690 S.W.2d 546, 548 (Tex.1985); TEX.R.CIV.P. 166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

A summary judgment may be affirmed only on grounds stated in the motion. *Home Indem. Co. v. Pate*, 814 S.W.2d 497, 500 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Where a summary judgment does not state the specific grounds upon which it is granted, it must be affirmed if any one of the grounds asserted in the motion is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *McCrea v. Cubilla Condominium Corp., N.V.*, 685 S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

## III. ANALYSIS

The Hartsfields' cause of action rests upon the purported negligence or gross negligence of McRee Ford. The elements of a common-law negligence cause of action are: "1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). If a defendant conclusively negates an essential element of a plaintiff's cause of action as a matter of law, summary judgment is proper. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Once the defendant has negated an essential element of plaintiff's claim, the plaintiff has the burden to introduce evidence that raises an issue of fact on that element. *Id.*

### Duty to Take Reasonable Precautions

The threshold inquiry in a negligence action is determining whether the defendant owed a duty to the plaintiff. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Existence of a duty is a question of law. *Mitchell v. M–K–T R.R.*, 786 S.W.2d 659, 662 (Tex.1990). Imposition of a duty involves several factors, including "risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and consequences of placing that burden on the [defendant]." *Id.* Courts have traditionally considered foreseeability to be the most significant of these factors. *Id.*

The Hartsfields argue that McRee Ford was under a duty to take reasonable precautions to prevent automobile thefts because stolen cars could result in injuries to others. McRee Ford claims that it has satisfied this duty to take reasonable preventive measures. Furthermore, it argues that its summary judgment evidence has proven this as a matter of law.

### Movant's Summary Judgment Proof

McRee Ford contended in its motion for summary judgment that it was entitled to judgment as a matter of law because it took reasonable security precautions. Hence, it breached no duty to the public at large and, as a matter of law, was not negligent. McRee Ford attached to its motion the affidavit of general manager Mitchell Dale, who stated: "McRee Ford has always taken *every possible reasonable precaution* to protect our inventory of automobiles from theft." (Emphasis added.) Following this assertion, Dale outlined the theft-prevention measures McRee Ford had in effect at the time of the theft. These included:

(1) the presence of armed, uniformed off-duty police officers patrolling the premises;

(2) regular surveillance by on-duty local police officers;

(3) the use of locked, parked cars to block the entrances and exits to the sales lots;

(4) the use of lock boxes for each car's set of keys (with the key to the lock boxes kept in the dealership offices); and

(5) the presence of "a number of people in and around the dealership at the time the automobile in question was stolen...."

Dale's affidavit also asserted:

In light of the cumulative effect of all of these security measures and the presence of other people on the dealership lot at the time, it was *not reasonably foreseeable* that an unknown person or persons would steal an automobile from the McRee Ford dealership lot in defiance of our best efforts to prevent them. All of these security measures were, and continue to be, imposed after careful consultation with law enforcement officials and security experts and represent McRee Ford's best effort at a good faith, *reasonable* balance between providing enough security to prevent and deter theft while avoiding the appearance of an armed camp which would make customers uncomfortable and deter sales of new and used automobiles.

(Emphasis added.) This summary judgment proof, taken alone, would conclusively negate an essential element of the negligence upon which the Hartsfields' cause rests, namely, the alleged breach of the duty to take reasonable precautions to prevent auto thefts. Evidence favoring the movant's position may be considered only if it is uncontroverted. TEX.R.CIV.P. 166a(b).

### Response to Motion for Summary Judgment

■ In their response to the motion for summary judgment, the Hartsfields asserted that McRee Ford's security precautions were not reasonable in light of the fact that previous criminal acts, including instances of car theft, had occurred on the premises. The Hartsfields claimed that McRee Ford's security measures were not comparable to "those that are standard in the industry...." They failed, however, to attach any summary judgment proof of industry security standards.[3]

Nor did they attach any evidence comparing instances of auto theft at McRee Ford and other car dealerships.

The only evidence attached to their response was a collection of police reports, covering a four-and-a-half-year period from early 1987 through late 1991. The Hartsfields attached no controverting affidavit, but argued from the police reports that continuing thefts of automobiles were reasonably foreseeable. They further argued that it was reasonably foreseeable that the misuse of those automobiles could result in harm to others.

However, nothing in the police reports indicates that identical or similar security precautions were in effect at the time of the other instances of auto theft from McRee Ford. The police reports themselves, do not controvert the claim in the Dale affidavit that McRee Ford had taken all *reasonable* security precautions to prevent theft. The Hartsfields do not contend that McRee Ford had a duty to *prevent* criminal acts of third parties, but only to take reasonable precautions to that end. The most that the police reports show is that McRee Ford was not always *successful* in its attempts to prevent theft.

### IV. CONCLUSION

The Hartsfields' summary judgment response did not controvert McRee Ford's evidence that it had taken reasonable precautions to prevent auto theft. The summary judgment proof showed that McRee Ford's actions were reasonable; hence, McRee Ford was not negligent toward the Hartsfields, and summary judgment was proper.

We overrule the Hartsfields' sole point of error and affirm the trial court's summary judgment.

HUTSON–DUNN, J., files a dissenting opinion.

HUTSON–DUNN, Justice, dissenting.

· I dissent. The majority finds that the police reports attached to the Hartsfields'

---

3.  On appeal, the Hartsfields argue it was unreasonable for McRee Ford not to have a perimeter fence or barrier to prevent auto theft. They failed to produce any summary judgment proof to this effect, however, and this Court may not consider the Hartsfields' new contention on appeal.

summary judgment response did not controvert McRee Ford's summary judgment evidence that it had taken reasonable precautions to prevent automobile theft. Therefore, the majority finds that Mitchell Dale's affidavit for McRee Ford conclusively negated an essential element of the negligence upon which the Hartsfields' cause of action rested. I disagree. Considering the summary judgment evidence in a light most favorable to the Hartsfields, *Nixon v. Mr. Property Mgmt.*, 690 S.W.2d 546, 548–49 (Tex.1985), I believe that McRee Ford has not conclusively proven that its security measures rendered it unforeseeable that an unknown person or persons would steal an automobile from the dealership and injure an innocent third party by negligently operating the automobile.

## I. Facts

As noted by the majority, the Hartsfields' cause of action rested on the assertion that McRee Ford was negligent and grossly negligent. McRee Ford moved for summary judgment and contended that it had evidence to conclusively disprove the following elements of the Hartsfields' cause of action: (1) a legal duty owed to the Hartsfields; and (2) damages proximately caused by its alleged breach of a duty to the Hartsfields. McRee Ford's summary judgment evidence consisted of an affidavit of Mitchell Dale, general manager of the dealership, detailing the security measures that McRee Ford employed both prior to and at the time of the accident in question. Dale asserted that, in light of the cumulative deterrent effect of these measures and the presence of other people on the dealership lot at the time the automobile in question was stolen, it was not reasonably foreseeable that an unknown person would steal an automobile.

In response to McRee Ford's motion for summary judgment, the Hartsfields attached 19 police reports detailing prior criminal incidents regarding vehicles at the McRee Ford dealership between April 1987 and September 1991. Eleven of these reports involved incidents that occurred before February 17, 1991, the date the automobile was stolen that was involved in the accident resulting in Shawn Michelle Hartsfield's death. The incidents recorded in these reports included burglary, attempted burglary, theft, and unauthorized use of a motor vehicle. The Hartsfields contended in their response that the occurrence of these incidents, despite McRee Ford's security measures, made McRee aware that its security precautions were inadequate to prevent the theft and subsequent misuse of its vehicles.

## II. Analysis

McRee Ford moved for summary judgment on the basis that it owed no duty to the Hartsfields, and its conduct, even if negligent, was not the proximate cause of Shawn Michelle Hartsfield's death. The determinative factor regarding both duty and proximate cause in a negligence case is foreseeability. *See Midkiff v. Hines*, 866 S.W.2d 328, 331–33 (Tex.App.—Houston [1st Dist.] 1993, no writ). Therefore, in my view, the question that must be answered in deciding whether the trial court erred in granting McRee Ford's motion for summary judgment is this: Despite the security measures that McRee Ford took to prevent theft of its automobiles, did the police reports introduced by the Hartsfields raise a material fact issue as to whether McRee Ford's measures were reasonable? I believe the police reports raised such a fact issue, and the proper forum for deciding whether McRee Ford's security measures were adequate is a trial on the merits.

Generally, a thief's criminal act in stealing a car is a superseding cause of harm that relieves the owner of liability for negligent operation of the car by the thief, even when the owner's conduct created a situation that gave the thief an opportunity to commit the crime. *Stephens v. Crowder Inv., Inc.*, 841 S.W.2d 947, 948–49 (Tex.App.—Waco 1992, no writ); *Simmons v. Flores*, 838 S.W.2d 287, 288 (Tex.App.—Texarkana 1992, writ denied); *Wolf v. Friedman Steel Sales, Inc.*, 717 S.W.2d 669, 672 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.). However, if the owner, from his conduct, knew or should have known that a third person might take advantage of the opportunity to commit such a crime, he may be liable. *Stephens*, 841

S.W.2d at 949; *Simmons,* 838 S.W.2d at 288; *see also Bicknell v. Lloyd,* 635 S.W.2d 150, 152 (Tex.App.—Houston [1st Dist.] 1982, no writ) (evidence supported finding that owner of cart should have reasonably foreseen unauthorized use of vehicle by children in the area, and that harm was likely to result from its use unless key was removed from ignition switch). The owner's potential liability hinges on whether, under the facts and circumstances surrounding the location and the conduct, a prudent person would have behaved more cautiously than the owner and could have foreseen that to act, or fail to act, as the owner did could result in the theft of the automobile and subsequent damage to a third party. *Simmons,* 838 S.W.2d at 289; *see also Finnigan v. Blanco County,* 670 S.W.2d 313, 317–18 (Tex.App.—Austin 1984, no writ); *Bicknell,* 635 S.W.2d at 152. Evidence that may support a finding of negligence and foreseeability when the act that causes the harm is a third party's intentional or criminal act includes the following: (1) the act occurred in a high-crime area; (2) the place where the act occurred had been the site of thefts or previous crimes; or (3) the place where the act occurred was unprotected and susceptible to criminal acts. *Simmons,* 838 S.W.2d at 289; *see also Nixon,* 690 S.W.2d at 550; *Stephens,* 841 S.W.2d at 949.

The police reports tendered by the Hartsfields as summary judgment evidence describe numerous instances of criminal incidents involving automobiles at the McRee Ford dealership.[1] I would find that these reports raised an issue of material fact as to whether McRee Ford's security measures were reasonable in light of the continuing occurrence of crime on McRee Ford's lot despite such measures. The majority avoids this issue by stating that "nothing in the police reports indicates that identical or similar security measures were in effect at the time of the other instances of auto theft from McRee Ford." However, Mitchell Dale's

own affidavit states that McRee Ford had *always* taken every possible precaution to protect its inventory of automobiles from theft, *both prior to and at the time of the automobile accident in question.* (Emphasis added.)

Issues such as reasonableness and foreseeability are fact sensitive, and therefore, inherently issues for a jury to decide. *Hunsucker v. Omega Indus.,* 659 S.W.2d 692, 698 (Tex.App.—Dallas 1983, no writ.) In *Hunsucker,* a case factually similar to the present case, the court stated:

> [U]nder certain circumstances leaving the keys in the ignition of a vehicle in a locked garage may be negligence, depending upon all of the surrounding facts and circumstances. On the other hand, after all of the facts and circumstances have been developed, a court may conclude, as a matter of law, that no negligence existed. Because of variations of the circumstances which may be shown at a trial on the merits, summary judgment is rarely justified in such cases.

*Id.* If McRee Ford were to present evidence at trial establishing the facts detailed in Dale's affidavit, I am aware that a jury could reasonably find that McRee Ford's security measures were adequate, and thus it was not reasonably foreseeable that a third party would steal an automobile and injure someone by negligently operating the automobile. However, in light of the summary judgment evidence before the trial court, *i.e.,* the 19 police reports attached to the Hartsfields' summary judgment response, I believe that this is an issue of material fact within the province of the jury.

I would reverse the take-nothing summary judgment and remand this case for trial.

---

1. Although not all of the reported incidents involve automobile theft, this is irrelevant in determining whether McRee Ford's measures were reasonable. In order for a defendant to be held liable to a plaintiff for the intentional or criminal act of a third party, it is not required that the particular accident complained of should have been foreseen. *Nixon,* 690

S.W.2d at 550–51. Rather, all that is required is the following: (1) the injury must be of such general character as might reasonably have been anticipated; and (2) the injured party must be situated with relation to the wrongful act such that injury to him or someone similarly situated could have reasonably been foreseen. *Id.* at 551.