Affirmed and Opinion filed November 20, 2007








Affirmed
and Opinion filed November 20, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01161-CV

_______________

 

ALLENE FINLEY, ADMINISTRATRIX OF THE

ESTATE OF JOHN FINLEY, DECEASED, Appellant

 

V.

 

U-HAUL CO. OF ARIZONA and

U-HAUL CO. OF TEXAS, Appellees

                                                              
                                                                                 

On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 04-12587

                                                                              
                                                                 

 

O P I N I O N

 

In this negligence action, Allene
Finley (AFinley@), Administratrix of the Estate of
John Finley, deceased, appeals a summary judgment in favor of U-Haul Co. of
Arizona and U-Haul Co. of Texas (collectively, AU-Haul@) on the grounds that the trial court
erred by: (1) granting summary judgment when there was no evidence of
foreseeability before the court; (2) excluding Finley=s expert witness affidavit and
discovery products; and (3) denying Finley=s motion for new trial.  We affirm.








                                                                   Background

In 2002, while walking in a field off
of a roadway, John Finley was hit and killed by a pick-up truck (the Atruck@) that had been stolen from a U-Haul
dealership.  Although the keys to the truck had been noted missing a few days
earlier, the manner in which the theft took place was never determined, and no
one involved in either the theft or driving the truck when it hit Finley was
ever identified.[1]

Finley filed suit against U-Haul,
essentially alleging that it had been negligent in failing to adequately secure
the truck and the keys to it.[2]  As relevant
to our disposition, U-Haul filed a traditional motion for summary judgment,
arguing, among other things, that the element of duty was negated by the lack
of foreseeability as a matter of law.  The trial court granted U-Haul a summary
judgment against all of Finley=s claims.

Standard of Review

A traditional summary judgment may be
granted if the motion and summary judgment evidence show that there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law.  Tex. R. Civ. P. 166a(c).  In reviewing a summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).

 








                                                                 Foreseeability

Finley=s first issue challenges the summary
judgment on the ground that U-Haul failed to offer summary judgment evidence on
the issue of foreseeability.

To prevail on a claim for negligence,
a party must establish, among other things, the existence of a duty, which is a
question of law and a threshold issue, such that liability cannot be imposed if
duty does not exist.  Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex.
2006).  Of the factors relevant to determining whether a duty exists,[3]
the foreseeability of the risk is the foremost and dominant consideration.  SmithKline
Beecham Corp. v. Doe, 903 S.W.2d 347, 360 (Tex. 1995).  Foreseeability
requires only that the general danger, and not the exact sequence of events
that produced the harm, be foreseeable.  Mellon Mortgage Co. v. Holder,
5 S.W.3d 654, 655 (Tex. 1999).  However, along with the general danger, it must
also be foreseeable that the particular plaintiff, or someone similarly
situated, would be harmed by that danger.  Id.  As applied to the
criminal act of a third-party, this requires us to determine if the general
danger of the criminal act was foreseeable, and then whether it was foreseeable
that the injured party, or one similarly situated, would be the victim of that
criminal act.[4]  Id.
at 656B57.[5]













In this case, because no information
exists as to how or by whom the truck was stolen, and, thus, what act or
omission by U-Haul, if any, could have enabled it to occur, or prevented it
from occurring, it cannot be determined or inferred whether the theft of the
truck was a result at all, let alone a reasonably foreseeable result, of any
such unknown conduct.  In addition, nothing in the summary judgment record
suggests that U-Haul could have reasonably foreseen that its truck would be
used to hit someone walking in a field in any event.[6] 
Therefore, even if a general danger of a criminal act was foreseeable (which we
do not address), and even if any conduct by U-Haul could have created a risk of
harm (which cannot be known), U-Haul owed no legal duty to John Finley because
he was not so situated with relation to the wrongful act that his injury and
death might have been foreseen.  See Mellon, 5 S.W.3d at 658. 
Therefore, we overrule Finley=s first issue, and because this conclusion is also
dispositive of the other issues in the appeal,[7]
we need not address them.  Accordingly, the judgment of the trial court is
affirmed.

 

 

 

/s/        Richard H. Edelman

Senior Justice

Judgment rendered and Opinion filed
November 20, 2007.

Panel consists of Justices Fowler,
Frost, and Edelman.*









[1]           The manager of the U-Haul location from
which the truck was stolen testified at a deposition that he had seen a former
employee on the security tape in the area where the keys were kept on the day
the keys were reported missing; and that he told a police officer that he had
fired that employee for taking U-Haul vehicles after hours.  However, there is
no evidence in the record indicating whether that former employee had taken the
missing keys or been involved in the theft of the truck or the incident
involving John Finley.





[2]           The manager of the U-Haul location from
which the truck was taken stated in an affidavit that: (1) the truck had been
locked and parked in front of the store at closing on the preceding day; (2)
there was only one set of keys to each rental vehicle at that location at that
time; and (3) keys to rental vehicles were generally kept behind the counter
during business hours and locked in a safe after hours.  This evidence was
uncontroverted.





[3]           Those factors include: the risk, the
foreseeability, the likelihood of injury weighed against the social utility of
the actor=s conduct, the magnitude of the burden of guarding
against the injury, and the consequences of placing the burden on the
defendant.  Mission Petroleum Carriers, Inc. v. Solomon, 106 S.W.3d 705,
710 (Tex. 2003).





[4]           To allow liability without requiring such a
connection between the property owner and either the victim or perpetrator of
the crime would place a duty on property owners to prevent criminal acts with
their property simply because criminals could gain access to the property, and
would thereby make property owners insurers of crime victims.  See Mellon,
5 S.W.3d at 658.





[5]           Even where keys have been left in the ignition
of a vehicle, Texas court decisions (albeit mostly older ones) have varied in
their conclusions on the foreseeability of injury to a third-party occurring
after the theft of the vehicle.  See e.g. Story Servs., Inc. v. Ramirez,
863 S.W.2d 491, 497-98 (Tex. App.CEl
Paso 1993, writ denied)(finding sufficient evidence for negligence but not for
proximate cause); Stephens v. Crowder Invs., Inc., 841 S.W.2d 947, 948
(Tex. App.CWaco 1992, no writ)(remanding case to the trial court
to review the foreseeability of a funeral home=s vehicle stolen by a 12 year old, with the keys left in the ignition,
in light of no evidence of the level of crime in the area); Simmons v.
Flores, 838 S.W.2d 287 (Tex. App.CTexarkana
1992, writ denied)(finding no foreseeability even though the keys had been left
in the car in front of a laundry facility); Finnigan v. Blanco County,
670 S.W.2d 313, 317 (Tex. App.CAustin 1984, no
writ)(finding the escape and subsequent injury of a third party foreseeable
where an officer parked his running patrol car in the Ayard@ where an
inmate could simply get in and drive away); Batko v. Mecca Invs. Co.,
642 S.W.2d 41 (Tex. App.CEastland 1982, no writ)(affirming liability against
the defendant where his inebriated passenger, with a history of playing
practical jokes, was left unattended in a running vehicle and subsequently
caused damage); Bicknell v. Lloyd, 635 S.W.2d 150 (Tex. App.CHouston [1st Dist.] 1982, no writ)(finding the risk of
injury foreseeable to an owner, who left the keys in his three wheeler despite
previous occasions where youths would go for joy rides); McKinney v.
Chambers, 347 S.W.2d 30 (Tex. App.CTexarkana
1961, no writ)(finding as a matter of law, that an owner could not have
reasonably foreseen the theft and subsequent injury to a third party even
though he left the keys in an unattended vehicle); Parker & Parker
Constr. Co., v. Morris, 346 S.W.2d 922, 923B26 (Tex. App.CEl Paso 1961, writ. ref=d n.r.e.).





[6]           See Mellon, 5 S.W.3d at 658 (stating
that nothing in the summary judgment record suggests that Mellon could have
reasonably foreseen that its parking garage would be picked by the perpetrator
as the scene of his crime if Mellon did not secure the garage).





[7]           Finley=s
other issues pertain to the trial court=s
exclusion of her summary judgment evidence and the denial of her motion for new
trial.  Because neither the excluded summary judgment evidence nor the motion
for new trial bear on the lack of foreseeability that John Finley or someone
similarly situated, would be the victim of the criminal act that occurred, and
because this lack of foreseeability precludes a finding of duty, the issues on
the excluded summary judgment evidence and motion for new trial cannot affect
our disposition.  Similarly, because Finley=s
claims for gross negligence and respondeat superior do not survive our finding
of no duty, they, too, need not be addressed.





*           Senior justice Richard H. Edelman sitting
by assignment.