Affirmed and Memorandum Opinion
filed August 9, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00817-CV



Idris Husain
and Zenab Husain, Appellants 

v.

Russell A.
Petrucciani and Spectrum 
Construction Services, Inc., Appellees 



On Appeal from
the 190th District Court

Harris County, Texas

Trial Court
Cause No. 2009-59769



 

MEMORANDUM OPINION 

In this personal injury case, appellants Idris and
Zenab Husain challenge the trial court’s summary judgment in favor of appellees
Russell A. Petrucciani and Spectrum Construction Services, Inc (“Spectrum”). 
In three issues, they assert that fact issues preclude summary judgment and
that the trial court erred in excluding part of their summary-judgment
evidence.  We affirm.

BACKGROUND

Russell A. Petrucciani used his 2008 Ford F-150
pick-up truck as a company vehicle for Spectrum.  On the morning of February
17, 2009, while on his way to work, Petrucciani stopped at a dry cleaning establishment
located on FM 1960 in the Spring, Texas area.  He parked directly in front of
the business, left the keys in the ignition and the vehicle running, and went
inside the dry cleaners.[1] 
While inside waiting for service, Petrucciani looked out the front window and
saw a thief sitting in the driver’s seat of his pick-up truck.  Petrucciani
immediately returned to his truck, opened the door, and tried to remove the thief. 
After a struggle, the thief shifted the truck into reverse and accelerated
through the parking lot.  Petrucciani hung onto the truck between the open
driver’s side door and the frame of truck.  

The thief then struck a parked car in the parking lot.
 Petrucciani fell to the ground, severely injured.  The thief sped from the
parking lot in Petrucciani’s truck onto FM 1960.  Less than a minute later, the
thief struck the Husains’ vehicle with Petrucciani’s truck. 

In September 2009, the Husains filed suit against
Petrucciani and Spectrum.  They alleged that Petrucciani was negligent both by leaving
his vehicle in a manner in which it could be entered and operated by another
person and by engaging in a physical altercation with the thief.[2]  They
asserted that Spectrum was vicariously liable for Petrucciani’s negligence
because the incident occurred during the course and scope of his employment.  They
sought recovery for personal injury and property damage resulting from the car
wreck.  In March 2010, Petrucciani and Spectrum moved for a traditional summary
judgment, contending, as is relevant here, that (a) Petrucciani was not
negligent; (b) the intervening criminal act—the theft of Petrucciani’s truck—was
a superseding cause of the Husains’ damages; and (c) neither the theft of Petrucciani’s
truck, nor the thief’s reckless and negligent operation of the truck after the
theft, was foreseeable.  

The Husains responded to the motion and attached
summary-judgment evidence to their response.  This evidence included voluminous
paperwork obtained by the Husains from the Harris County Sheriff’s Office produced
pursuant to a public information request for the following:

[C]opies of selected crime statistics 2008, 2009 for that
area generally defined by Tomball Parkway/Hwy 290 to the west, FM 2920 to the
north, Kuykendahl Road to the east, and Sam Houston Tollway (Beltway 8) to the
south, including any patrol beat or patrol district contained within or
partially within such area:  1) All calls for service, or records of any
activity by any member of your department, or response or appearance of any
member of your department for any complaint relating to or of auto theft,
attempted auto theft, unauthorized use of motor vehicle, burglary of motor
vehicle, vandalism of a motor vehicle, and/or criminal mischief relating to a
motor vehicle w/in any patrol district, patrol beat contained wholly or
partially w/in [the area as defined above]; 2) All 911 records, dispatch
slip(s), dispatch log reports, and/or any publicly releasable section or portions
of any case reports files, calls for service or reports or documents of any
sort wherein RUSSELL A. PETRUCCIANI . . . is identified as either complainant,
witness, or suspect, or in any other capacity at any time w/in the 10 years
prior to the date of this request, at any location w/in your jurisdiction[.]

(the “public information
request documents”).  An affidavit from Bernard Ash (the “Ash affidavit”) was
also attached to the Husains’ response.  The trial court sustained Petrucciani’s
and Spectrum’s objection to this evidence and granted final summary judgment in
their favor on June 2, 2010.

ANALYSIS

A.        Standard of
Review for Summary Judgments

We review a trial court’s summary judgment de novo. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  In
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, indulging every reasonable inference, and we resolve any doubts in
the nonmovant’s favor.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
549 (Tex. 1985).  Where, as here, the trial court grants the judgment without
specifying the grounds, we affirm the summary judgment if any of the grounds
presented are meritorious.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872B73
(Tex. 2000).  

A traditional summary judgment is proper when the
defendant either negates at least one element of each of the plaintiff’s
theories of recovery or pleads and conclusively establishes each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997); Cullins v. Foster, 171 S.W.3d 521, 530 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).  When the defendant has carried
its summary judgment burden, the burden shifts to the nonmovant to raise a
material fact issue precluding summary judgment.  Va. Indonesia Co. v.
Harris Cnty. Appraisal Dist., 910 S.W.2d 905, 907 (Tex. 1995).  

B.        The Husains’ Negligence
Cause of Action

In their first issue, the Husains challenge the trial
court’s summary judgment on the basis that they raised a fact issue on their
negligence claim, thereby precluding summary judgment.  To prevail on a cause
of action for negligence, a plaintiff must establish that (1) the defendant
owed him a legal duty, (2) the defendant breached that duty, and (3) the breach
proximately caused the plaintiff’s injuries.  Nabors Drilling, U.S.A., Inc.
v. Escoto, 288 S.W.3d 401, 404 (Tex. 2009).  The components of proximate
cause are cause in fact and foreseeability.  Doe v. Boys Clubs of Greater
Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995).  These elements cannot be
established by mere conjecture, guess, or speculation.  Id.  

The parties agree that the outcome of this case turns
on the issue of foreseeability.  To establish foreseeability, a plaintiff must
prove that a person of ordinary intelligence should have anticipated the danger
created by the negligent act or omission.  Id. at 478.  The danger of
injury is foreseeable if its “general character . . . might reasonably have
been anticipated.”  Id.  The question of foreseeability and proximate
cause generally involves a practical inquiry based on “common experience
applied to human conduct.”  Id.  It asks whether the injury “might
reasonably have been contemplated” as a result of the defendant's conduct.  Id.
 Foreseeability requires more than retrospectively theorizing an extraordinary
sequence of events whereby the defendant’s conduct brings about the injury.  Id.

C.        No Fact Issue
Exists on the Element of Proximate Cause

The Husains argue that, even if the objected-to
summary-judgment evidence was properly excluded, fact issues still remain on
their negligence claim, precluding summary judgment.  Within this issue, they contend
first that Petrucciani’s and Spectrum’s summary-judgment motion did not address
their live pleading.  They assert that Petrucciani and Spectrum sought summary
judgment only on the ground that the act of leaving a vehicle running while
unattended is not, as a matter of law, negligence.  They argue that the motion does
not address their amended petition, in which they alleged that Petrucciani was additionally
negligent by pursuing the thief and causing an altercation with him.  

In their motion for summary judgment, Petrucciani and
Spectrum set out the elements of a negligence claim and focused on the
proximate causation element of a negligence cause of action.  Specifically, they
asserted, among other grounds, that the theft of Petrucciani’s truck and the
thief’s reckless and negligent operation of the vehicle after the theft were
not foreseeable.  The specifics of Petrucciani’s and Spectrum’s alleged
negligent acts are not germane to the issue of foreseeability because they alleged
that the unforeseeable theft of the vehicle effectively “broke” any causation
chain that may have linked Petrucciani to the Husains’ damages. Therefore, Petrucciani’s
and Spectrum’s failure to address the alleged additional act of negligence does
not affect the appropriateness of the summary judgment.  

Texas courts are split on the issue of a defendant’s
liability for injury to a third party following the theft of the vehicle.[3]  Ordinarily,
the criminal act of someone other than the defendant is a superseding cause of resulting
harm to a third party, even though the defendant’s conduct afforded an
opportunity for someone else to commit the crime.  Restatement (Second) of
Torts § 448 (1965).  If, however, the defendant realized or should have
realized the likelihood of such an opportunity and the resulting crime, he may
be liable.  Id.; see Nixon, 690 S.W.2d at 549–50.  Foreseeability
is the controlling issue.

But to constitute proximate cause in these
circumstances, proof of the owner’s conduct must be accompanied by evidence
that, because of the facts and circumstances surrounding the location and the
conduct, a reasonable, prudent person would not have acted as the owner did and
could have reasonably foreseen that the car might be stolen and that some damage
might result.  See Finnigan v. Blanco County, 670 S.W.2d 313, 317–18
(Tex. App.—Austin 1984, no writ); Bicknell v. Lloyd, 635 S.W.2d 150
(Tex. App.—Houston [1st Dist.] 1982, no writ).  For example, in Finnigan v.
Blanco County, a deputy left his car open with the motor running parked
about five feet away from a ten-foot chain link fence with barbed wire on top,
enclosing an area to which the deputy knew a prisoner had access at that time. 
Finnigan, 670 S.W.2d at 317.  The Third Court of Appeals determined that
the summary judgment evidence raised a fact issue regarding foreseeability, concluding
that: “An open and running car is likely to be a very attractive means of
effectuating one’s escape.  Once the prisoner entered the car, it may very well
be foreseeable that a high-speed chase would ensue, with high risks of injury
to other motorists.”  Id.  Similarly, in Bicknell v. Lloyd, the
First Court of Appeals concluded that the owner of an electric cart could have
reasonably foreseen that his cart might be used without his permission and that
someone might be injured when he left the keys in the ignition because at least
one child in the area had taken the cart without his permission on
several previous occasions.  Bicknell, 635 S.W.2d at 152.  Furthermore,
the owner testified that “whenever the cart was being operated, children would
crowd onto it, wanting a ride.”  Id.  For these reasons, the First Court
determined that the trial court did not err in submitting a liability question
to the jury.  Id. at 151–52.

Certain evidence may justify a finding of negligence
and foreseeability when the act causing harm is a third party’s criminal act. 
This evidence generally involves a crime venue in a high-crime public place, or
the site of thefts or similar crimes in the past, or a place relatively
unprotected and susceptible to criminal acts. See, e.g., Nixon,
690 S.W.2d at 550; Simmons v. Flores, 838 S.W.2d 287, 288–89
(Tex. App.—Texarkana 1992, writ denied).  We may not speculate about whether
these conditions existed.  Simmons, 838 S.W.2d at 289.  They must be established
by evidence.  Id.  Only then will a fact finder be justified in finding
that harm was foreseeable and that the act of the thief was not such an
intervening cause as would defeat reasonable foreseeability.  Id.

Here, there is no summary-judgment evidence of any of
these foreseeability facts.  Petrucciani stated in his deposition that he saw
no one outside when he entered the dry cleaning establishment.  He further
explained that he had been going to this particular dry cleaning location once
or twice a week since 1995, and he had no knowledge of any crimes occurring in
the parking lot.  Finally, although Petrucciani admitted that he had had a
vehicle stolen from him in the past, that theft occurred at a work-site many
years before the theft here.  

In sum, we conclude that it was not reasonably
foreseeable that a thief would steal Petrucciani’s vehicle, injure him during
an altercation, speed away from the parking lot, and run into the Husains’
vehicle.  Although someone viewing the facts of this case in retrospect might
theorize the unique sequence of events that caused the Husains’ injuries and
property damage, foreseeability is not judged in hindsight.  See Doe,
907 S.W.2d at 478.  Accordingly, the trial court did not err in granting
summary judgment on the ground that the car wreck that caused the Husains’
injuries and damages was not foreseeable.  We overrule the Husains’ first
issue.

D.        Standard of
Review for Exclusion of Evidence

We review a trial court’s decision to admit or
exclude evidence for an abuse of discretion.  In re J.P.B., 180 S.W.3d
570, 575 (Tex. 2005) (per curiam).  A trial court abuses its discretion if it
acts arbitrarily or unreasonably or without reference to any guiding rules and
principles.  Bowie Mem’l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002)
(per curiam) (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241–42 (Tex. 1985)).  We may not reverse the trial court simply because we
disagree with its decision; rather, we must reverse only if the trial court
acted in an arbitrary or unreasonable manner.  Beaumont Bank, N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1991) (citing Downer, 701 S.W.2d at 242).

E.        Exclusion of the
Ash Affidavit

In their second issue, the Husains assert that the
trial court abused its discretion in excluding the Ash affidavit from the
summary-judgment evidence and that this error probably caused rendition of an
improper judgment.  Expert testimony must provide an adequate factual basis for
the expert’s conclusions.  See City of San Antonio v. Pollock, 284
S.W.3d 809, 816 (Tex. 2009).  A conclusory opinion is one that does not provide
the underlying facts to support the conclusion.  CA Partners v. Spears,
274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). 
Conclusory statements in an affidavit unsupported by facts are insufficient to
defeat summary judgment.  Id.  .

First, we note that there are several erroneous
factual statements in the Ash affidavit.  For example, Ash states that
Petrucciani left the vehicle unlocked.  This factual conclusion directly
contradicts the evidence in this case:  as noted above, Petrucciani testified
that, to his knowledge, the doors of his truck were locked.  Furthermore, Ash
posits several unsupported factual statements with regard to the subjective
motivation of the thief.  

Ash’s affidavit also contains a number of legal
conclusions unsupported by a factual basis.  For example, in the affidavit, Ash
states that the thief’s criminal act was the “reasonably foreseeable result of
Russell Petrucciani’s negligent action.”  He further states that Petrucciani’s
attempt to remove the thief from the vehicle was “a cause of [the thief]’s
erratic flight” and that it “is widely known and accepted by law enforcement
and or civilians that persons who are the subjects of forcible actions to
detain such as [the thief] will flee with reckless abandon with no regard to
the safety of others.”  Finally, he concludes that Petrucciani’s “handling of
this incident was a failure to act with ordinary care.”  Ash draws legal
conclusions regarding Petrucciani’s liability without supporting his
conclusions with reference to any analysis or supporting evidence.  To support
or defeat summary judgment, an affidavit must state facts and cannot merely
recite legal conclusions.  See McIntyre v. Ramirez, 109 S.W.3d 741, 749–50
(Tex. 2003) (citing Ryland Grp., Inc. v. Hood, 924 S.W.2d 120, 122 (Tex.
1996) (per curiam)).  Such unsupported conclusory statements are not credible
and are not susceptible to being readily controverted; conclusory statements by
an expert witness will not support or defeat a summary judgment.  See IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 803 (Tex.
2003); Ryland Grp., 924 S.W.2d at 122. 

Finally, we note that in their appellate brief, the
Husains cite authority for the argument that “[a]n investigating officer may
properly testify as to causation.”  This argument is irrelevant, given that Ash
did not serve as an investigating officer in this case.  Accordingly, for the
foregoing reasons, the trial court did not abuse its discretion in excluding
this affidavit from consideration as summary-judgment evidence.  We overrule
the Husains’ second issue.

E.        Exclusion
of the Public Information Request Documents

In their third issue, the Husains contend that the
trial court abused its discretion in striking the public information request
documents from the summary-judgment evidence.  In support of their summary
judgment response, the Husains offered the public information request documents,
which contained several hundred pages of computer printouts with calls for service
to the Harris County Sheriff’s Office.  

The Husains acknowledge that the public information
request information does not contain certified copies of this information.  Under
the Texas Rules of Evidence, “public records” may be self-authenticating, if
presented in the form of a certified copy or if accompanied by an affidavit
made by a custodian of the records.  Tex. R. Evid. 902(4), (10).  But these
documents were not properly authenticated under this rule because the documents
are neither certified copies nor were they accompanied by an affidavit made by
the custodian of the records.[4]
 As such, the trial court did not abuse its discretion in excluding the public
information request documents from the summary-judgment record.  We overrule
the Husains’ third issue.

CONCLUSION

Having overruled all
three of the Husains’ issues, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Boyce and McCally.









[1]
In his deposition testimony attached to his motion for summary judgment,
Petrucciani stated that although he could not say “beyond a reasonable doubt
that he had locked the truck, he believed that he had done so.  The pick-up
truck was equipped with a locking keypad on the outside of the door.





[2]
The Husains added this second allegation of negligence by filing an amended
petition shortly after Petrucciani and Spectrum filed their summary-judgment
motion.





[3]
See, e.g., Story Servs., Inc. v. Ramirez, 863 S.W.2d 491, 496–98 (Tex.
App.—El Paso 1993, writ denied) (finding sufficient evidence for negligence but
not for proximate cause); Stephens v. Crowder Invs., Inc., 841 S.W.2d
947, 948–49 (Tex. App.—Waco 1992, no writ) (remanding case to the trial court
to review the foreseeability of a funeral home’s vehicle stolen by a 12-year-old,
with the keys left in the ignition, in light of no evidence of the level of
crime in the area); Simmons v. Flores, 838 S.W.2d 287, 288–89 (Tex.
App.—Texarkana 1992, writ denied) (finding no foreseeability even though the
keys had been left in the car in front of a laundry facility); Finnigan v.
Blanco County, 670 S.W.2d 313, 317–18 (Tex. App.—Austin 1984, no writ) (finding
fact issue regarding whether the escape of a prisoner and subsequent injury of
a third party in an automobile accident was foreseeable where an officer parked
his running patrol car in the “yard” where an inmate could simply get in and
drive away); Batko v. Mecca Invs. Co., 642 S.W.2d 41, 42–43 (Tex. App.—Eastland
1982, no writ) (affirming liability against the defendant where his inebriated
passenger, with a history of playing practical jokes, was left unattended in a
running vehicle and subsequently caused damage); Bicknell v. Lloyd, 635
S.W.2d 150, 151–52 (Tex. App.—Houston [1st Dist.] 1982, no writ) (finding the
risk of injury foreseeable to an owner, who left the keys in his three wheeler
despite previous occasions where youths would go for joy rides); McKinney v.
Chambers, 347 S.W.2d 30, 31–32 (Tex. Civ. App.—Texarkana 1961, no writ) (finding
as a matter of law, that an owner could not have reasonably foreseen the theft
and subsequent injury to a third party even though he left the keys in an
unattended vehicle); Parker & Parker Constr. Co. v. Morris, 346
S.W.2d 922, 923–26 (Tex. Civ. App.—El Paso 1961, writ. ref’d n.r.e.).





[4]
On appeal, the Husains assert that these documents “became business records”
when they were sent to their attorney’s office, thereby making them an
exception to the hearsay rules.  This argument appears to be an unusually
liberal interpretation of the Texas Rules of Evidence.  If the proffered
interpretation of the evidence rules were used, every otherwise inadmissible
hearsay document would be deemed admissible based on the mere fact that it was
received in an attorney’s office and the attorney, as the “custodian of records,”
provided an accompanying affidavit.